U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 OCT 20  AM 8: 59

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

In re: Violation Notices FAFQ0000-04, )
Issued to James Barnes by the ) Misc. No. 2:15-mc-93
United States Forest Service )

## SETTLEMENT AGREEMENT PERTAINING TO FIVE VIOLATION NOTICES ISSUED TO JAMES BARNES BY THE GREEN MOUNTAIN NATIONAL FOREST

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, James Barnes, agree to resolve the following five Violation Notices issued to him by the Law Enforcement and Investigations Division of the United States Forest Service. These five violations are contained in Title 36 of the Code of Federal Regulations. They allege the following violations by James Barnes: (1) Section 261.10(a) (constructing or maintaining trail without authorization) (Violation # FAFQ0000); (2) Section 261.12(c) (damaging a Forest Service trail) (Violation # FAFQ0001); (3) Section 261.13 (unlawful operation of a motor vehicle on trails) (Violation # FAFQ0002) ; (4) Section 261.6(a) (cutting or damaging timber) (Violation # FAFQ0003); and, (5) Section 261.9(a) (damaging federal property) (Violation # FAFQ0004). The maximum monetary penalty for each of these violations is $5,000.

I. Factual Background

1. These five Violation Notices relate to the unauthorized use of an excavator and unauthorized trail work in November 2012 on a portion of the Deerfield Ridge Trail in

Wilmington, Vermont. The Deerfield Ridge Trail traverses part of the Green Mountain National Forest ("GMNF") on the ridgeline below Haystack Mountain.

2. The excavator used to conduct this unauthorized trail work belonged to the Hermitage Inn Real Estate Holding Company LLC (hereinafter the "Hermitage"). James Barnes is the principle shareholder of this company. The GMNF alleges that James Barnes, on behalf of the Hermitage, directed other individuals to use this excavator to conduct the unauthorized trail work, which included excavation and some tree cutting. The GMNF alleges that the work adversely impacted about three miles of the Deerfield Ridge Trail on GMNF lands (the "Covered Conduct"). The excavator was also used on other parts of the Deerfield Ridge Trail that are on private lands.

3. The GMNF further alleges that this trail work on the GMNF was not authorized by the GMNF. In addition, the GMNF alleges that the excavation and trail work was not done to professional standards and did not include sufficient soil stabilization, such as water bars, seeding, and other standard erosion control measures. The GMNF incurred $45,049.11 in costs to repair this unauthorized excavation and trail work on the Deerfield Ridge Trail. These expenses included: emergency mitigation costs, restoration costs, and labor. The Green Mountain Club performed part of this work and incurred $2,711.73 in expenses (which is the portion not covered by the Forest Service cost sharing agreement).

II. Settlement Terms

4. In the interest of settling this matter without litigation, James Barnes agrees to pay a $25,000 penalty for the five alleged violations ($5,000 per violation, which is the statutory maximum). This amount will be sent to the Central Violations Bureau (P.O. Box 71363, Philadelphia, PA 19176-1363), as instructed on the Violation Notices.

5. James Barnes also agrees to pay the GMNF $45,049.11 in restitution. The check will be made payable to the "United States Forest Service" and sent to 231 N. Main Street, Rutland Vermont 05701. In addition, James Barnes agrees to pay the Green Mountain Club $2,711.73 in restitution to cover the unreimbursed portion of the work it performed. This check will be made payable to the "Green Mountain Club" and sent to its headquarters at 4711 Waterbury-Stowe Road, Waterbury, Vermont 05677. All of the required payments in this agreement shall be made within fourteen days of the effective date of the agreement.

6. The United States agrees that this agreement constitutes a full settlement of the United States' civil remedies in this matter and releases James Barnes and the Hermitage from further civil liability relating to his involvement in the excavation and trail work done on the Deerfield Ridge Trail on GMNF land in the fall of 2012. This agreement does not restrict, in any way, the United States from pursuing any criminal action in this matter, if at some future time, the United States, in its sole discretion, deems it appropriate. In the event the United States pursues any criminal action against James Barnes involving the covered conduct, this agreement shall not be considered an admission of any specific conduct or wrongdoing by James Barnes.

7. If James Barnes fails to make any of the payments required by this agreement within the fourteen-day time period, this settlement agreement will become null and void.

8. James Barnes and the Hermitage fully and finally releases the United States, and its respective agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that James Barnes and the Hermitage has asserted, could have asserted, or may assert in the future against the United States and its respective agencies, employees, servants, and agents, related to the Covered Conduct and the

United States' and the State of Vermont's investigation and prosecution thereof.

9. Each party and signatory to this agreement shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this agreement.

10. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this agreement without any degree of duress or compulsion.

11. This agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this agreement is the United States District Court for the District of Vermont. For purposes of construing this agreement, this agreement shall be deemed to have been drafted by all Parties to this agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12. This agreement constitutes the complete agreement between the Parties. This agreement may not be amended except by written consent of the Parties.

13. This agreement is binding on James Barnes' and the Hermitage's successors, transferees, heirs, and assigns.

14. All parties consent to the United States' disclosure of this agreement, and information about this agreement, to the public.

15. This agreement is effective on the date of signature of the last signatory to the Agreement.

UNITED STATES OF AMERICA

10/19/15
Date

By: *Joseph Perella*

ERIC S. MILLER
United States Attorney

JOSEPH PERELLA
Assistant U.S. Attorney

10/5/15
Date

JAMES BARNES
Defendant

I have read, fully reviewed, and explained this agreement to my client, JAMES BARNES, and I believe he understands the agreement and is entering into the agreement voluntarily and knowingly.

10/6/15
Date

DAVID SILVER
Counsel for the Defendant

Page 5 of 5